UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOUGLAS MARTIN,
    Plaintiff,

v.

ROB MORROW, et al.,
    Defendants.

PRISONER
CASE NO. 3:12-cv-861(RNC)

INITIAL REVIEW ORDER

Plaintiff, currently incarcerated, has filed a complaint pro se under 42 U.S.C. § 1983. He names as defendants Rob Morrow and Probation Supervisor Natalie Doe.

Under 28 U.S.C. § 1915A, the Court must review the complaint and dismiss any part of it that fails to state a claim upon which relief may be granted. The court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The complaint alleges the following. In March 2010, the plaintiff joined a church and was permitted by the pastor to stay in the church balcony. Shortly thereafter, the plaintiff met with defendant Morrow, his probation officer at the time. Defendant Morrow told the plaintiff that he would charge him with violating his probation if he attended the church. Plaintiff states that he will be on probation in the future and wants to be able to attend church. Accordingly, he seeks an injunction enforcing his First Amendment right to attend church while on probation.

The plaintiff seeks prospective relief only, an order that defendant Morrow not prevent him from attending church in the future. The allegations of the complaint are insufficient to state a claim on which injunctive relief can be granted. The allegation that defendant Morrow threatened to violate the plaintiff's probation if the plaintiff attended church is implausible. Even assuming defendant Morrow made such an outlandish threat, and even assuming he would do so again in the event he serves as the plaintiff's probation officer after the plaintiff is released from custody, the plaintiff would have an adequate remedy in the court with jurisdiction over his

probation, making prospective injunctive relief from this court unnecessary.

Accordingly, the complaint is hereby dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief can be granted. The Clerk will enter judgment and close the case.

So ordered this 16th day of August 2012.

/s/
Robert N. Chatigny
United States District Judge
